MATTHEW RIGHETTI (SBN: 121012)
matt@righettilaw.com
JOHN GLUGOSKI (SBN: 191551)
jglugoski@righettilaw.com
**RIGHETTI GLUGOSKI, P.C.**
220 Halleck Street, Suite 220
San Francisco, CA 94129
Telephone: (415) 983-0900

REUBEN D. NATHAN (SBN: 208436)
rnathan@nathanlawpractice.com
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Hwy., Suite 200
Newport Beach, California 92663
Telephone:  (949) 270-2798

Attorneys for Plaintiffs, KRISTOPHER KACZANOWSKI LEROY COKER,
DARRELL BROWN, and the Proposed Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER      KACZANOWSKI, LEROY COKER, DARRELL BROWN, individually and all similarly situated persons, and the general public,<br><br>                Plaintiffs,<br>       vs.<br><br>KNIGHT   TRANSPORTATION   INC. dba Arizona Knight Transportation Inc.; KNIGHT-SWIFT   TRANSPORTATION HOLDINGS INC.,<br><br>           Defendants. | Case No.:<br><br>CLASS ACTION<br><br>**CLASS ACTION COMPLAINT** |

**CLASS ACTION COMPLAINT**

COMES NOW PLAINTIFFS KRISTOPHER KACZANOWSKI, LEROY COKER, DARRELL BROWN, AND HEREBY ALLEGE THE FOLLOWING:

1.    The allegations in this complaint, stated on information and belief, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

<u>**NATURE OF THE ACTION**</u>

2.    This putative class action is brought by Plaintiffs Kristopher Kaczanowski, Leroy Coker, Darrell Brown ("Plaintiffs" or "Mr. Coker, Mr. Kaczanowski or "Mr. Brown") against Defendants KNIGHT TRANSPORTATION INC. dba Arizona Knight Transportation Inc.; and KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. (collectively known as "KNIGHT" or "DEFENDANTS"), and each of them for damages sustained by Plaintiffs, based on the Defendants' wrongful actions and include the following causes of action: (1) Failure to Pay All Wages Earned; (2) Failure to Pay All Wages Owed, including Overtime and Double Time  Wages; (3) Reimbursement of Expenses; (4) Failure to Provide Accurate Wage Statements; (5) Failure to Pay All Wages Upon Discharge; (6) Failure to Keep Records; (7) Failure to Provide Written Notice of Pay Rate; and (8) Unfair Business Practices;

<u>**THE PARTIES**</u>

1.    Plaintiff, KRISTOPHER KACZANOWSKI is a citizen of the State of California.

2.    Plaintiff, LEROY COKER is a citizen of the State of California.

3.    Plaintiff, DARRELL BROWN is a citizen of the State of California.

4.    Whenever in this complaint, reference is made to "Plaintiffs," such reference shall refer collectively to Plaintiffs KRISTOPHER KACZANOWSKI, LEROY COKER and DARRELL BROWN

5.    Defendant KNIGHT TRANSPORTATION INC. dba Arizona Knight Transportation Inc. ("KNIGHT TRANSPORT") is an Arizona corporation with its

**CLASS ACTION COMPLAINT**

principal place of business located in Arizona; KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. ("KNIGHT-SWIFT") 50 (hereinafter "KNIGHT" or "Defendants" or "KNIGHT").  At all times alleged herein KNIGHT employed Plaintiffs and other similarly situated individuals who are the subject of this class action in the State of California. On information and belief, KNIGHT is a publicly traded entity that employs hundreds of employees in California. During the class period, on information and belief, KNIGHT has conducted business under the trade names (i.e. doing business as) KNIGHT TRANSPORTATION INC. dba Arizona Knight Transportation Inc.; KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. Plaintiffs are informed and believes and thereon alleges that each of the Defendants is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to these Plaintiffs as alleged herein.

## JURISDICTION AND VENUE

6.    This Court has personal jurisdiction over Defendants. Defendants employ non-exempt Drivers within the State of California and in this county.

7.    This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiffs allege that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

8.    Venue is proper in this District under 28 U.S.C. § 1391(a).  Substantial acts in furtherance of the alleged improper conduct, including Defendants' violations of the California Labor Code, occurred within the Northern District.

**CLASS ACTION COMPLAINT**

## UCL ALLEGATIONS

9.    In addition, to asserting class claims, Plaintiffs assert claims on behalf of all other Class Members, pursuant to Business and Professions Code section 17200, et seq. The purpose of such claims is to require the Defendants to provide injunctive relief, including restitution, for all monies wrongfully obtained by the Defendants through their unlawful, unfair and deceptive business practices, which emanated in California, as alleged herein.

## INTRODUCTION

10.    Defendants hired and employed Plaintiffs Kristopher Kaczanowski from March 2022 to the present date, Leroy Coker from 2011 for several years and he was again hired in 2021 and was terminated in March 2022, and Darrell Brown from approximately 2006 to 2021 as Drivers.  At the time of filing this action, Plaintiffs Leroy Coker and Darrell Brown are former employees of Defendants, and Plaintiff Kristopher Kaczanowski is currently an employee of Defendants.

11.    Plaintiffs, upon information and belief and based upon such basis, allege that Defendants have employed hundreds of individuals, classified by Defendants as Drivers of Defendants, including KNIGHT-SWIFT and KNIGHT TRANSPORT, such as Plaintiffs Leroy Coker, Kristopher Kaczanowski, Darrell Brown during the class period, in an effort to operate its business.

12.    Plaintiffs, upon information and belief and based upon such basis, allege that Defendants failed to pay all wages earned; failed to pay straight time, overtime and double time wages; Defendants failed to reimburse the Drivers for all expenses incurred; Defendants failed to provide accurate wage statements; Defendants failed to pay waiting time penalties; Defendants failed to keep records required under California law; Defendant failed to provide written notice of pay rate; and Defendants subjected the Drivers to unlawful and unfair business practices.  Upon information and belief, to date, the Defendants' illegal practices set forth herein are present and continuing.

**CLASS ACTION COMPLAINT**

## **FACTUAL ALLEGATIONS**

13.     Plaintiff Leroy Coker was initially hired in 2011 and again in 2021 was employed by Defendants as a Driver.

14.     Plaintiff Kristopher Kaczanowski was hired in March 2022 and is employed by Defendants as a Driver.

15.     Plaintiff Darrell Brown was hired in 2006 and his employment ended in November 2021 with Defendants as a Driver.

16.     Defendants employed Plaintiffs and all other similarly situated persons as Drivers whose routes are within and outside the State of California.

17.     During the relevant time frame, Defendants compensated Plaintiffs and Class Members based upon an hourly rate, and an activity based bonus, which included a rate per mile and a flat rate for other work.

18.     Plaintiffs and Class Members were paid on a weekly basis.

19.     Defendants do not compensate Plaintiffs and Class Members for all hours worked while on detention and/or empty trailer/deadhead pickups  When Defendants' drivers are on detention (i.e.,. experiencing delays such as waiting at a customer's location to deliver or pick up a load because the customer is not prepared to receive/unload the cargo as opposed to an immediate pick up and/or drop-off), Plaintiffs and Class Members are expected to contact Defendants' dispatch to notify Defendants of the detention.  When the trip is complete, Plaintiffs and Class Members are expected to provide a written log to Defendants, through their driver manager, of their day and hours worked.  Defendants exclude "detention" time from their definition of "hours worked" for purposes of compensation and do not compensate Plaintiffs and Class Members for time worked during the detention. When Defendants' drivers are on required to pick up or transport empty trailers form one location to another to fill up to complete their main route, Plaintiffs and Class Members are expected to drive outside of their normal route to retrieve and transport an empty container to a location where the trailer will be filled in

**CLASS ACTION COMPLAINT**

order to complete their actual route. Defendants exclude "empty trailer/deadhead" pick up time from their definition of "hours worked" for purposes of compensation and do not compensate Plaintiffs and Class Members for time worked driving to and/or picking up, empty trailers to transport to a specific location so the trailer can be filled for the drivers actual route.

20.    Defendants also do not compensate Plaintiffs and Class Members for all hours worked while on breakdown and/or truck servicing.  When Defendants' drivers are on breakdown (e.g. a driver's truck pulls over to the side of the road due to a vehicle malfunction or other problem) and/or servicing (e.g. a driver's truck is brought into the yard for repairs and the driver must stay with the vehicle while the repairs are being made so that he/she is ready to dispatch as soon as the truck is repaired), Plaintiffs and Class Members are expected to notify Defendants' dispatch.  Defendants' Drivers must remain with the vehicle/load, however Defendants exclude such breakdown time from "hours worked."  Plaintiffs and Class Members are only compensated for the time spent actually driving, excluding additional time worked as a result of the breakdown.

21.    Defendants also do not compensate Plaintiffs and Class Members for all hours worked while training.  Defendants require Plaintiffs and Class Members to complete mandatory training on a regular/constant basis, which includes watching training and safety videos, and then taking required quizzes and tests.  However, Defendants exclude training time in calculating "hours worked" for purposes of compensation and do not compensate Plaintiffs and Class Members for their above-described training hours.

22.    While performing their duties for Defendants, Plaintiffs and Class Members are forced to repeatedly use their cell phones throughout the workday and on a daily basis in order to communicate with Defendants and customers. Plaintiffs and Class Members are required to use their personal cell phones to conduct incoming and outgoing calls and text messages to and from dispatch, view delivery information, upload documents

**CLASS ACTION COMPLAINT**

pertaining to delivery information, conduct incoming and outgoing calls and text messages to and from customers, download the "KNIGHTTransportation " application to facilitate their work duties, use GPS for delivery location directions, complete mandatory training, and much more.  Plaintiffs and Class Members are required to use their personal cell phones in order to conduct work for Defendants' business.  However, Plaintiffs and Class Members' despite having incurred expenses in discharging their duties for Defendants, have not been reimbursed by Defendants.

23.    KNIGHT's pay scale is constantly changing and EMPLOYEES are not certain how much they will be paid on a given day, week, and/or pay period because KNIGHT has different pay rates for short hauls, long hauls, and per mile. KNIGHT only posts the sliding pay scales/charts in an office or terminal, but EMPLOYEES will normally not be able to view the pay chart because the offices are closed when the Driver arrives at a location (due to the Driver's hours of work in late evening or early morning). Also, a Driver can arrive at work on a given day and their schedule can be changed without notice, resulting in the Driver being given a delivery schedule that does not compensate as much as their original scheduled shift. EMPLOYEES have also experienced this when breakdowns with a truck occur during a work shift.  Defendants have failed to provide to each employee a written notice as required under California Labor Code section 2810.5.

24.    Defendants have made it difficult for Plaintiffs and the Class Members to track with precision the amounts they should be paid and thus account for the unlawfully withheld wages owed to Plaintiffs and Class Members without an examination of all records during the liability period and failed to implement and to preserve a lawful record-keeping method as required for non-exempt employees including drivers by California Labor Code section 226 and applicable California Wage Orders. Defendants have also failed and refused to comply with the wage reporting requirements of Labor Code Section 226 by failing and refusing to provide employees, at the time of each payment of wages, with the option to receive paper wage statements and/or an accurate itemized statement in

writing showing the information required by subsections 1-9 of Labor Code Section 226(a).

25.    Such actions and policies, as described above and further herein, were and continue to be in violation of the Labor Code and Wage Order and, based on such statutory violations, California Business and Professions Code section 17200, et seq.

## CLASS ACTION ALLEGATIONS

26.    Plaintiffs bring this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification.

27.    All claims alleged herein for the California Classes arise under California law for which Plaintiffs seeks relief authorized by California law.

Plaintiffs proposes the following Classes be created:

a) All former and current Drivers employed by Defendants within the State of California, at any time within four years prior to the filing of this lawsuit until the present date.

(collectively referred to the "Class")

Excluded from the Class are the Defendants in this action, any entity in which the Defendants have a controlling interest, any officers, directors, and shareholders of the Defendants, and any legal representatives, heirs, successors, and assigns of the Defendants.

28.    There is a well-defined community of interest in this litigation and the Class is easily ascertainable:

a. <u>Numerosity</u>: The Class Members are so numerous that joinder of all members would be unfeasible and impractical.  The Class Members are unknown to Plaintiffs at this time.  However, the Class is estimated to be greater than a hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

**CLASS ACTION COMPLAINT**

b. <u>Typicality</u>: Plaintiffs are qualified to and will fairly and adequately protect the interests of each Class Members with whom they have a well-defined community of interest, and Plaintiffs' claims (or defenses, if any), are typical of all Class Members as demonstrated herein.

c. <u>Adequacy</u>: Plaintiffs are qualified to, and will fairly and adequately protect the interests of each Class Members with whom they have a well-defined community of interest and typicality of claims, as alleged herein. Plaintiffs acknowledge that they have an obligation to the Court to make known any relationship, conflict, or differences with any Class Member. Plaintiffs' attorneys and proposed Class counsel are well versed in the rules governing class action discovery, certification, and settlement. Plaintiffs has incurred, and, throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Members.

d. <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

29. There are common questions of law and fact as to the Class that predominate over questions affecting only individual members, including but not limited to:

a. Whether Defendants complied with wage reporting, the required to offer paper wage statements, and other items, as required by the California Labor Code; including but not limited to Labor Code Sections 226 and 1174;

**CLASS ACTION COMPLAINT**

b.  Whether Defendants reimbursed Class Members for expenses incurred in discharging duties;

c.  Whether Class Members were paid for all hours worked at either the applicable minimum wage, their regular rate or pay, and/or overtime and double-time rate or pay;

d.  Whether Class Members were given written notice as required under California Labor Code section 2810.5;

e.  Whether Class Members are entitled to penalties as a result of violations;

f.  Whether Defendants engaged in unlawful or unfair business practices in violation of Business and Professions Code section 17200, et seq. by failing to reimburse for expenses incurred in discharging duties, failing to compensate Class members for all hours worked; and

g.  The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

**FIRST CAUSE OF ACTION**
**VIOLATION OF UNPAID WAGES, STRAIGHT TIME, OVERTIME / DOUBLETIME**
(Class Against Defendants)

30.    Plaintiffs incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 29 of this Complaint.

31.    California Labor Code § 1194 and the applicable IWC Wage Order provide that any person not paid the legal rate, overtime and/or double time compensation applicable to the employee is entitled to bring a cause of action to recover the unpaid balance and attorney fees.

32.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and other Class Members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a

workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

33.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs and other Class Members all wages owed and overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

34.    California Labor Code § 510 codifies the right to all wages owed and overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

35.    During the relevant time period, Plaintiffs and other Class Members and worked in excess of eight (8) hours in a day, in excess of forty (40) hours in a week, in excess of twelve (12) hours in a day, and/or in excess of eight (8) hours in a day or more than eight (8) hours on a seventh consecutive day in a workweek.

36.    During the relevant time period, Defendants intentionally and willfully failed to pay all wages owed and overtime wages owed to Plaintiffs and other Class Members.

37.    Defendants knew or should have known that Plaintiffs were working overtime and double-time hours without being paid the appropriate compensation for those hours worked.

38.    Defendants' failure to pay Plaintiffs and other Class Members the unpaid balance of straight time, overtime compensation and double time, as required by California laws, violates the provisions of California Labor Code §§ 510 and 1198, and is therefore unlawful.

39.    Plaintiffs and other Class Members intend to seek an award of reasonable attorney fees and costs pursuant to Labor Code §§ 98.2, 218.5, 510, and 1194 and other

**CLASS ACTION COMPLAINT**

applicable laws, which provide that the court may award reasonable attorney fees and costs.

## SECOND CAUSE OF ACTION
### (Deficient Pay Penalties - California Labor Code § 210)
(Class Against Defendants)

40.    Plaintiffs incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 39 of this Complaint.

41.    At all times herein set forth, Labor Code § 210 provides that in addition to and entirely independent from any other penalty provided in the Labor Code, every person who fails to pay the wages of the employee shall be subject to an initial penalty of $100.00 for each failure to pay each employee, and a penalty of $200.00 for each willful or intentional violation, plus 25 percent of the amount unlawfully held.

42.    As set forth herein, Defendants caused violations of Labor Code § 210.

43.    At all times herein set forth, the IWC Wage Orders, including without limitation, Wage Order 9, were, upon information and belief, applicable to Defendants' employment of Plaintiffs and other Class Members.

44.    Plaintiffs and other Class Members are entitled to recover all remedies available for violations of Labor Code §§ 203, 204, 226.7, 510, 1194, 1197, and 1198 as provided by Labor Code § 210 and its interpretive case law.

45.    Plaintiffs and other Class Members intend to seek an award of reasonable attorney fees and costs pursuant to Labor Code § 210 (c) and other applicable laws, which provide that the court may award reasonable attorney fees and costs.

## THIRD CAUSE OF ACTION
### REIMBURSEMENT OF ALL EXPENSES AND LOSSES
(Class Against Defendants)

46.    Plaintiffs incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 45 of this Complaint.

47.    "An employer shall in all cases indemnify his employee for losses caused by

the employer's want of ordinary care." (Cal. Labor Code § 2800.)

48.    "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." (Cal. Labor Code § 2802(a).)

49.    "All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss." (Cal. Labor Code § 2802(b).)

50.    California Labor Code section 2802(c) provides: "For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

51.    Defendants owe a duty to Plaintiffs and Class Members to indemnify them for all necessary expenditures, losses, and damages suffered and incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer. Defendants continue to refuse to reimburse and indemnify Plaintiffs and Class Members for all necessary expenditures and losses incurred by them, including but not limited to, cell phone charges/expenses.

52.    Plaintiffs and Class Members have incurred, and are continuing to incur, necessary expenditures and losses in direct consequence of the discharge of duties, or of obedience to Defendants' directions as an employer, which at the time of obeying the directions, Plaintiffs and Class Members believed to be lawful.

53.    The acts and omissions herein violated California Labor Code section 2802(a), and further violates California Labor Code sections 221 through 224. Plaintiffs

and Class Members are entitled to attorney's fees under to California Labor Code section 2802(c).

54. Plaintiffs seeks reimbursement and indemnification for themselves, and Class Members similarly situated for all necessary expenditures or losses incurred by them in direct consequence of the discharge of their duties, or obedience to the directions of the defendants as an employer.

55. During the relevant time period, Defendants intentionally and improperly failed to reimburse necessary expenditures Plaintiffs and Class Members incurred.

56. Under the California Labor Code sections cited herein, Plaintiffs and Class Members are entitled to recover the necessary expenditures they incurred for the four years preceding the filing of their complaint, plus reasonable attorney's fees and costs under California Labor Code section 2802.

57. By virtue of Defendants' unlawful failure to reimburse necessary expenditures Plaintiffs and Class Members incurred, Plaintiffs and Class Members have incurred damages in amounts presently unknown to Plaintiffs and Class Members.

58. Plaintiffs are informed and believes, and based upon that information and belief alleges, that Defendants, and each of them, knew or should have known Plaintiffs and Class Members were not being reimbursed for all necessary business expenditures they incurred.

59. As a direct and legal (proximate) result of Defendants' violation of the California Labor Code, Plaintiffs and Class Members have been damaged. Under California Labor Code section 2802, Plaintiffs and Class Members are entitled to, and request reimbursement of all necessary expenditures they incurred, interest, civil penalties, reasonable attorney's fees, and costs, incurred in this action in an amount to be proven at or following trial of this matter.

//

//

**CLASS ACTION COMPLAINT**

## FOURTH CAUSE OF ACTION
## IMPROPER WAGE STATEMENTS
(Class Against Defendants)

60.     Plaintiffs incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 59 of this Complaint.

61.     Labor Code section 226(a) mandates that employers provide their employees, along with the employees' paychecks, "an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

61.     Plaintiffs, on information and belief and based upon such basis, allege that Plaintiffs and Class Members were intentionally not provided with the option to receive paper wage statements and/or accurate written wage statements, pursuant to Labor Code section 226(a) by Defendants, because it was Defendants' intent to avoid paying Plaintiffs and Class Members, the correct wages that Plaintiffs and Class Members were legally entitled to in order for Defendants to generate greater profits at the expenses of Plaintiffs and Class Members.

62.     Defendants also violated California Labor Code section 226, which requires

**CLASS ACTION COMPLAINT**

wage statements to list "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements which should have been properly provided to Plaintiffs and Class Members, and such violations flow from Defendants' improper policies and practices, their implementation and enforcement by Defendants, and the violations alleged in the preceding causes of action and herein. More specifically, Defendants failed to include all necessary information including pay rates, unpaid straight time, overtime and double-time wages, and premium wage payments that should have been itemized on the wage statements issued by Defendants to Plaintiffs and Class Members constitutes a violation of California Labor Code section 226. Defendants' intentional conduct by failing to provide Plaintiffs and Class Members with accurate wage statements and providing Plaintiffs and Class Members with electronic wage statements without the option of paper wage statements have caused Plaintiffs and Class Members to suffer injury in fact by depriving them of their wage records. In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiffs and Class Members have been, would have been, and are compelled to try to uncover the inaccuracies a, the required information missing from their wage statements and to perform calculations in light of the inaccuracies and incompleteness of the wage statements Defendants have provided to them. Given the violations addressed above and the resulting inaccuracies in the wage statements provided by Defendants to Plaintiffs and Class Members, Defendants have made it very difficult, to determine from the wage statements themselves such important items of information as the appropriate pay rate to apply to their hours worked.

63.   Plaintiffs and Class Members are also entitled to injunctive relief under California Labor Code §226(h), compelling Defendants s to comply with California Labor Code §226. Plaintiffs, on information and belief and based upon such basis, alleges that Plaintiffs and Class Members are entitled to recover from Defendants the greater of their

**CLASS ACTION COMPLAINT**

actual damages caused by Defendants' failure to comply with Labor Code Section 226(a) of fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods or an aggregate penalty not exceeding $4,000, and an award of costs and reasonable attorneys' fees pursuant to Labor Code Section 226(e).

**FIFTH CAUSE OF ACTION**
**WAITING TIME PENALITIES**
(Class Against Defendants)

64.     Plaintiffs incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 63 of this Complaint.

65.     Labor Code § 201 provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." If an employee quits their employment, "his or her wages shall become due and payable not later than 72 hours thereafter." Labor Code § 202.

66.     If an employer fails to pay all the wages due upon separation of employment, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid … but the wage shall not continue for more than 30 days." Labor Code § 203.

67.     Plaintiffs Coker and Brown's employment ended in 2021However, the Defendants willfully failed to pay all wages due as of the date of their employment ending or within 72 hours thereof. Therefore, Plaintiffs Coker and Brown are entitled to recovery of the Labor Code § 203 waiting time penalties against these Defendants.

68.     Other class members who were former employees are similarly entitled to waiting time penalties as a result of deficient pay due to unpaid straight time, overtime and double-time wages. Therefore, the Defendants willfully failed to pay all wages due as of the date of termination or within 72 hours thereof. Therefore, other class members are entitled to recovery of the Labor Code § 203 waiting time penalties against these Defendants.

**CLASS ACTION COMPLAINT**

## SIXTH CAUSE OF ACTION
### FAILURE TO MAINTAIN RECORDS
(Class Against Defendants)

69.    Plaintiffs incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 68 of this Complaint.

70.    California Labor Code section 1174(d) provides that every employer shall keep, for no less than three (3) years, payroll records showing the accurate hours worked daily by and the wages paid to employees.

71.    Plaintiffs and Class Members were employed by Defendants as an hourly non-exempt employees.

72.    However, throughout this time period, Defendants repeatedly failed, and continues to fail, to maintain full, complete, and accurate payroll records showing the hours that Plaintiff and the members of the Class actually worked and the total wages that they were paid.

73.    As such, Plaintiffs and the members of the Class are entitled to recover civil penalties from Defendant pursuant to California Labor Code section 1174.5.

## SEVENTH CAUSE OF ACTION
### FAILURE TO PROVIDE WRITTEN NOTICE
(Class Against Defendants)

74.    Plaintiffs incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 73 of this Complaint.

75.    California Labor Code section 2810.5 provides:

(a) (1) At the time of hiring, an employer shall provide to each employee a written notice, in the language the employer normally uses to communicate employment-related information to the employee, containing the following information:

(A) The rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, double time as applicable.
(B) Allowances, if any, claimed as part of the minimum wage.

**CLASS ACTION COMPLAINT**

(C) The regular payday designated by the employer in accordance with the requirements of this code.

(D) The name of the employer, including any "doing business as" names used by the employer.

(E) The physical address of the employer's main office or principal place of business, and a mailing address, if different.

(F) The telephone number of the employer.

(G) The name, address, and telephone number of the employer's workers' compensation insurance carrier.

(H) That an employee: may accrue and use sick leave; has a right to request and use accrued paid sick leave; may not be terminated or retaliated against for using or requesting the use of accrued paid sick leave; and has the right to file a complaint against an employer who retaliates.

(I) Any other information the Labor Commissioner deems material and necessary.

b) An employer shall notify his or her employees in writing of any changes to the information set forth in the notice within seven calendar days after the time of the changes, unless one of the following applies:

(1) All changes are reflected on a timely wage statement furnished in accordance with Section 226.

(2) Notice of all changes is provided in another writing required by law within seven days of the changes.

76.    Plaintiffs and Class Members were and are subject to a changing pay scale because drivers' pay rates constantly vary and their schedule can be changed on a daily basis, even just before a driver is scheduled to depart.

77.    Furthermore, Defendants do not provide Plaintiffs and Class Members with wage statements each pay period that accurately reflect changes in rates of pay in accordance with California Labor Code sections 226 and 2810.5.

78.    Defendants have failed to provide written notice to Plaintiffs and Class Members as required and pursuant to California Labor Code section 2810.5.

//

//

**CLASS ACTION COMPLAINT**

## EIGHTH CAUSE OF ACTION
## VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.
### (Class Against Defendants)

79.    Plaintiffs incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 78.

80.    Defendants' conduct, as alleged herein, including not paying Plaintiffs and Class Members for not reimbursing expenses, unpaid straight time, overtime and double-time wages, inaccurate wage statements has been, and continues to be unlawful and unfair, and harmful to Plaintiffs and Class Members, and the general public.

81.    Defendants' activities as alleged herein are in violation of California law, and constitute unlawful and unfair business practices in violation of Business and Professions Code section 17200, et seq., which justify the issuance of an injunction, restitution, and other equitable relief pursuant to California Business and Professions Code §17203.

82.    Plaintiffs and Class Members have been personally aggrieved by Defendants' unlawful and unfair business practices as alleged herein, including, but not necessarily limited to, the loss of money or property.

83.    Defendants have failed to reimburse expenses, pay straight time, overtime and double-time wages, provide Plaintiffs and Class Members with accurate wage statements pursuant to California Labor Code section 226. Defendants violated California Business and Professions Code §17200, et seq. as a result of violating these statutory provisions, where Plaintiffs and Class Members suffered an economic hardship in order for Defendants to pursue monetary gain.

84.    Plaintiffs and Class Members seek restitution for Defendants' knowingly and willfully (or should have known) that Plaintiffs and Class Members, but refused to pay Plaintiffs and Class Members in order for Defendants to financially benefit from its illegal and unfair practices at the expense and work of Plaintiffs and Class Members.

85.    Defendants' actions, practices, decisions, and policies have violated the California Labor Code, IWC Wage Orders, and state law, including, but not limited to: (1) failing to reimburse expenses, (2) pay straight time, overtime and double-time wages, and (3) failing to provide Plaintiffs and Class Members with accurate itemized or the option of paper wage statements in violation of Labor Code §226

86.    Pursuant to Business and Professions Code section 17200, et seq., Plaintiffs and Class Members are entitled to disgorgement and restitution of the reimbursement of expenses, straight time, overtime and double-time wages; serves as a declaration that the above business practices are unlawful and unfair; a permanent injunction requiring Defendants to pay all outstanding straight time, and overtime/double-time wages and reimbursement of expenses due to Plaintiffs and Class Members and stop all illegal conduct alleged in this complaint.  Plaintiffs, individually, on behalf of Class Members and on behalf of the general public through their respective attorneys are serving to enforce an important right of the prompt payment of wages due to employees that affects the affecting a significant public interest.

87.    Plaintiffs through this action is conferring a substantial benefit on the general public by ensuring the prompt payment of wages due to employees and a large class of persons (at this time believed to exceed 100 class members), there exists a necessity (Defendants have maintained this illegal practice for at least four years) and financial burden of private enforcement makes an award of attorney's fees appropriate pursuant to California Code of Civil Procedure §1021.5, which should not in the interest of justice be taken out of any award since any disgorgement or restitution to Plaintiffs and Class Members are owed to them as wages for time worked while employed by Defendants.

## **<u>REQUEST FOR JURY TRIAL</u>**

Plaintiffs hereby requests a trial by jury for all issues so triable.

//

**CLASS ACTION COMPLAINT**

## **PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and all other Class Members, pray for relief and judgment against Defendants, as follows:

1.    That this action be certified as a class action;

2.    That Plaintiffs be appointed as the representatives of the Class;

3.    That counsel for Plaintiffs be appointed as Class Counsel;

4.    For general unpaid or underpaid wages, and such general and special damages as may be appropriate;

5.    For restitution and disgorgement for reimbursement of expenses;

6.    For pre-judgment interest on any unpaid from the date such amounts were due pursuant to Labor Code sections;

7.    For payments pursuant to Labor Code section 226.7(b);

8.    For costs of suit incurred herein;

9.    For such other and further relief as the Court may deem equitable and appropriate;

10.    For statutory penalties pursuant to Labor Code section 226(e);

11.    For reasonable attorneys' fees and costs pursuant to Code, Labor Code, including all laws;

12.    Waiting time penalties pursuant to Labor Code section 203;

13.    For the disgorgement of any and all "unpaid wages" and incidental losses, according to proof;

14.    For restitution of "unpaid wages" to Plaintiffs and all other Class Members and pre-judgment interest from the day such amounts were due and payable;

15.    For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of Business and Professions Code section 17200 et seq.;

**CLASS ACTION COMPLAINT**

16.  Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits and entitlements under the law, as alleged herein;

17.  Order a complete and accurate accounting of all the compensation to which the Plaintiffs and all others who are similarly situated are entitled;

18.  For compensatory damages against Defendants to be paid to the Class Members, including all wages and overtime pay and double time pay, and statutory damages for violation of California Labor Code owed to the California class under California law;

19.  For "waiting time penalties," pursuant to Section 203 of the California Labor Code, against Defendants to be paid to members of the California class who were not timely paid all wages due and owing to them;

20.  For an order requiring Defendants to pay restitution for its unlawful conduct in the State of California;

21.  For injunctive relief including, but not limited to, an Order enjoining Defendants from continuing to engage in the State of California in the unlawful business practices alleged herein;

22.  For general and special damages;

23.  Restitution and disgorgement;

24.  Statutory damages and penalties;

25.  Pre-judgment interest;

26.  For reasonable attorneys' fees and costs; and

27.  For such other and further relief as the Court deems proper.

//

//

1    DATED: March 16, 2023                    **NATHAN & ASSOCIATES, APC**

2

3                                        BY:  */s/ Reuben D. Nathan*

4                                             Reuben D. Nathan, Esq. (SBN: 208436)
                                             rnathan@nathanlawpractice.com
5                                             **NATHAN & ASSOCIATES, APC**
                                             2901 W. Coast Hwy., Suite 200
6                                             Newport Beach, California 92663
                                             TEL: (949) 270-2798
7                                             FAX: (949) 209-0303

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**